UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JOHN DIPETTO,

    Plaintiff,      MEMORANDUM AND ORDER
              08-CV-4927(JS)(ARL)
 - against -

UNITED STATES POSTAL SERVICE,

    Defendant.
----------------------------------X
APPEARANCES:
For Plaintiff:  John DiPetto
       11 Hickory Lane
       Roslyn Heights, NY 11577

For Defendant:  No Appearance

SEYBERT, District Judge:

## INTRODUCTION

On December 8, 2008, pro se Plaintiff John DiPetto ("Plaintiff") filed a self-styled, fee-paid action seeking relief for "unfair work practice and discrimination" and damages in the amount of two million dollars and lifetime family health benefits. (Compl. 1.) Plaintiff's submission was not accompanied by any other jurisdictional statement or an Equal Employment Opportunity Commission ("EEOC") Right to Sue letter. In an Order dated January 11, 2009 ("January Order"), this Court dismissed Plaintiff's Complaint for failure to comply with Federal Rule of Civil Procedure 8, and gave Plaintiff thirty days to amend his pleadings. Mindful of Plaintiff's pro se status, the Order instructed Plaintiff that when filing an Amended Complaint, "he must set forth the legal basis and factual allegations to support his claims

against each defendant, and the relief he is seeking with respect thereto. The Amended Complaint must be captioned as an 'Amended Complaint' and bear the same docket number as this Order and include a timely Right To Sue letter if appropriate. A properly filed amended complaint will replace this complaint in its entirety." (Jan. Order 5.)

On January 20, 2009, Plaintiff submitted a two-page Amended Complaint without a caption or docket number. In his filing Plaintiff states, "My coworker who is african american [sic] is late just about every day so I end up doing 80 percent of the work. When I am off, Larry my supervisor brings in the homosexual for overtime to work with the african american. On wed [sic] when the african american is off, I have to do my work and the african american's work with no overtime. How come Larry has the homosexual in on overtime to work with african american when I am off?" (Am. Compl. ¶ 2.) Plaintiff's submission continues, "The african american is always late and he has undocumented sick leave. He has only about 16 hrs of sick time. The homosexual has about the same amount of sick hours which also is undocumented. When I called in sick, I had to present documentation and I have almost 6 months of sick leave and in my 22 years of service I have never been late to work." (Id. ¶ 7.) Plaintiff states "the reason I didn't file for discrimination when it came to race, I was told by a lawyer that it is very difficult for a caucasion [sic] to win a

2

discrimination case." (Id. ¶ 1.) Plaintiff provides no additional context, dates, or information regarding the legal basis of his claim.

## DISCUSSION

As a general matter, the Court must presume the truth of the allegations in a complaint. See Koppel v. 4987 Corp., 167 F.3d 125, 127 (2d Cir. 1999). Moreover, the Court is mindful of its obligation to read Plaintiff's pro se pleadings liberally. See Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Notwithstanding these considerations, the Court finds here that Plaintiff has failed to meet the lenient pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

As stated in its January Order, Rule 8 of the Federal Rules of Civil Procedure requires that pleadings present a "short and plain statement of the claim showing that the pleader is entitled to relief." Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002). Pleadings are to give "fair notice of what the plaintiff's claim is and the grounds upon which it rests" in order to enable the opposing party to answer and prepare for trial, and to identify the nature of the case. Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005) (quoting Conley v. Gibson, 335 U.S. 41, 47

(1957), overruled in part on other grounds by <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

In <u>Bell Atlantic Corp.</u>, the Supreme Court clarified this pleading standard, declaring that:

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant "set out in detail the facts upon which he bases his claim," Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

127 S. Ct. at 1965 n. 3 (quoting <u>Conley</u>, 355 U.S. at 47, and citing 5 C. Wright & A. Miller, Federal Practice & Procedure § 1202, at 94, 95 (3d ed. 2004)). When a complaint fails to comply with the Rule 8 pleading standard, the district court may dismiss it <u>sua sponte</u>. <u>Simmons v. Abruzzo</u>, 49 F.3d 83, 86 (2d Cir. 1995). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." <u>Salahuddin v. Cuomo</u>, 861 F.2d 40, 42 (2d Cir. 1988) (quoted in <u>Kittay v. Kornstein</u>, 230 F.3d 531, 541 (2d Cir. 2000)).

Here, Plaintiff's amended pleading falls short of giving fair notice of his claim as required under Rule 8(a)(2). The series of statements in the Amended Complaint appear to allege that

Plaintiff does more work than his African American and homosexual co-workers, that he does not get over-time as frequently as his counter-parts, and that he has been required to present documentation when he calls in sick to work. (Am. Compl. ¶ 8.) Plaintiff provides no dates or context with his allegations, e.g., "[w]hen I had to present documentation, Larry changed it and gave me annual instead," (Id. ¶ 8), and fails to provide any jurisdictional statement, or otherwise indicate the legal basis for his claim. To the extent that Plaintiff wishes to allege violations of Title VII of the Civil Rights Act of 1964, he has failed to include a Right to Sue letter as instructed by the Court in its January 11, 2009 Order, or to provide the Court with any relevant details as to why one is unnecessary. (Jan. Order 5 (citing Pietras v. Bd. of Fire Comm'rs of the Farmingville Fire Dist., 180 F.3d 468, 474 (2d Cir. 1999); Bey v. Welsbach Elec. Corp., 01-CV-2667, 2001 U.S. Dist. LEXIS 10811, at *8, 2001 WL 863419 (S.D.N.Y. July 30, 2001) ("Failure to obtain a right-to-sue letter is 'not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling.'").)

Plaintiff's possible explanation that "the reason I didn't file for discrimination when it came to race, I was told by a lawyer that it is very difficult for a caucasion [sic] to win a discrimination case," does not suffice. (Am. Compl. ¶ 1.)

In sum, Defendant cannot be expected to parse Plaintiff's Complaint into comprehensible legal claims, causes of action, or even understand factually the nature of Plaintiff's allegations. See Mazza v. Caputo, 05-CV-3546, 2005 WL 2045791 (E.D.N.Y. 2005) (dismissing conclusory one-page complaint pursuant to Rule 8). While the pleadings of a pro se litigant should be liberally construed in his favor, Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (per curiam), a complaint must still set forth a basis for the Court to hear a claim. Because Plaintiff fails to allege facts to support a claim against the Defendant, the present Complaint fails to satisfy Rule 8 and cannot be sustained in its present form.

Plaintiffs whose claims are dismissed pursuant to Rule 8 ordinarily should be granted leave to file an amended pleading. See Chudnovsky v. Leviton Mfg. Co., Inc. 158 Fed. Appx. 312 (2d Cir. 2005). Where granting leave to amend would be unproductive or futile, however, denial of leave to amend is not improper. Id. (citing Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993)).

In this case, the Court has already granted Plaintiff one opportunity to amend his Complaint. There is no indication that Plaintiff presents a cognizable claim or that he could allege additional facts that would cure the deficiencies in his already-Amended Complaint. Therefore the Amended Complaint is

DISMISSED. <u>Chudnovsky v. Leviton Mfg. Co., Inc</u>. 158 Fed. Appx. 312 (2d Cir. 2005) (affirming dismissal of <u>pro se</u> plaintiff's employment discrimination claim for failure to comply with Rule 8 of the Federal Rules of Civil Procedure). The Clerk of the Court is directed to mark this matter CLOSED.

SO ORDERED

/S/ JOANNA SEYBERT
JOANNA SEYBERT U.S.D.J

Dated: Central Islip New York
April 21, 2009