```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
JOHN DIPETTO,

                    Plaintiff,

       -against-                              MEMORANDUM AND ORDER
                                              08-CV-4927 (JS) (ARL)
JOHN E. POTTER, Postmaster General of
The United States, CASSANDRA LOUIE, as
Postmaster of Port Washington, New York,
And LAWRENCE LIM,
                    Defendants.
----------------------------------------X
APPEARANCES:
For Plaintiff:   Philip C. Chronakis, Esq.
                 Alicia M. Wilson, Esq.
                 Garfunkel Wild, P.C.
                 111 Great Neck Road
                 Great Neck, New York 11021

For Defendants: Robert W. Schumacher, Esq.
                Assistant U.S. Attorney
                Eastern District of New York
                610 Federal Plaza
                Central Islip, New York 11722
```

SEYBERT, District Judge:

Plaintiff John DiPetto's Second Amended Complaint (in citations, "SAC") asserts race and sexual orientation discrimination, retaliation and hostile work environment claims against Defendants John Potter, as Postmaster General of the United States (the "Postal Service"), Cassandra Louie and Lawrence Lim. Plaintiff alleges violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2999e et seq. ("Title VII") and New York State's Human Rights Law (the "NYSHRL"). Defendants move to dismiss under Federal Rule of Civil Procedure

12(b)(6); for the following reasons, this motion is GRANTED IN PART AND DENIED IN PART, and Plaintiff and the Postal Service are directed to engage in limited discovery in accordance with this Order.

BACKGROUND

Plaintiff is a Caucasian, heterosexual male. (SAC ¶ 12.) He is a mail handler at the Port Washington Post Office (the "Post Office"), where he has received positive performance evaluations for most of the nearly twenty-four years he has worked there. (Id. ¶¶ 12-13.) Defendant Lim, whom Plaintiff describes as Asian, is Plaintiff's direct supervisor. (Id. ¶¶ 10, 14.) Lim supervises Plaintiff and two other Post Office employees: Employee A, described by Plaintiff as an African-American male, and Employee B, described by Plaintiff as a homosexual male. (Id. ¶ 15.) Defendant Louie is the Postmaster of the Port Washington Post Office. (Id. ¶ 10.)

The thrust of Plaintiff's case is that, for the past five years, Lim has discriminated and retaliated against Plaintiff and subjected him to a hostile work environment. Specifically, Plaintiff alleges that Lim affords Employees A and B preferential treatment, including by scheduling A and B for better-paying overtime shifts and requiring Plaintiff, but not A and B, to work solo shifts in contravention of Postal Service policy. (SAC ¶¶ 18-21.) Plaintiff also claims that Lim allowed

2

Employees A and B to take extended breaks during their shifts, arrive at work late, and take undocumented sick leave without consequence. Plaintiff, by contrast, was not afforded these benefits. (Id. ¶¶ 24-27, 31, 32.)

Eventually, Plaintiff complained to his union representative about Lim's behavior. (Id. ¶ 34.) Thereafter, Lim treated Plaintiff even worse. Plaintiff's allegations include that Lim falsely accused him of participating in a "work slowdown" and spread lies concerning Plaintiff's job performance. (Id. ¶¶ 37, 40.) Plaintiff's co-workers were angry and abusive towards Plaintiff in response to these rumors. (Id. ¶ 41.)

In his opposition to Defendants' motion to dismiss, Plaintiff details his efforts to redress his grievances through administrative channels. He twice filed Equal Employment Opportunity ("EEO") complaints concerning Lim's conduct but withdrew each of them after he received assurances that Lim's behavior would change.[1] (Pl. Decl. ¶ 7.) He filed a third EEO complaint in March 2008. (Id.) This time, an EEO counselor named Bonnie Berlin told him that his grievance should be addressed to his union, not the EEO staff. Berlin insisted that he dismiss his EEO mediation request, and said that she would

---

[1] Plaintiff does not specify who made these promises, but that is irrelevant to the outcome of this motion.

3

not conduct one in any event. (Id. ¶ 10.) She pressured Plaintiff into signing a waiver withdrawing his complaint. (Id. ¶ 14.) Plaintiff signed the waiver on May 21, 2008. (Id. ¶ 10.)

Plaintiff, litigating pro se, filed this suit on December 8, 2008. His original Complaint was dismissed without prejudice and he filed an Amended Complaint on January 20, 2009. (Docket Entry 7.) The Court dismissed his Amended Complaint sua sponte, and the Second Circuit vacated the dismissal by its July 12, 2010 Mandate (the "Mandate"). Plaintiff thereafter engaged counsel and filed a Second Amended Complaint on October 19, 2010. (Docket Entry 22.) This motion to dismiss followed.

## DISCUSSION

Plaintiff's Second Amended Complaint asserts the following claims: race discrimination, retaliation and hostile work environment claims under Title VII and race and sexual orientation discrimination, retaliation and hostile work environment claims under the NYSHRL. To survive a Rule 12(b)(6) motion, a plaintiff must plead sufficient factual allegations in the complaint to "state a claim [for] relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929, 949 (2007). The complaint does not need "detailed factual allegations," but it demands "more than labels and conclusions, and a formulaic

4

recitation of the elements of a cause of action will not do." Id. at 555. In addition, the facts pleaded in the complaint "must be enough to raise a right to relief above the speculative level." Id. Determining whether a plaintiff has met his burden is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). On a motion to dismiss, a plaintiff gets the benefit of all reasonable inferences, see, e.g., Litwin v. Blackstone Group, L.P., 634 F.3d 706, 711 n.5 (2d Cir. 2011), but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

I. Plaintiff's New York State Human Rights Law Claims

Plaintiff's claims under the New York State Human Rights Law must be dismissed because Title VII provides the exclusive remedy for federal employees asserting employment discrimination claims. See Brown v. Gen. Servs. Admin., 425 U.S. 820, 835, 96 S. Ct. 1961, 1969, 48 L. Ed. 2d 402 (1976). Seizing on a footnote in the Mandate, Plaintiff argues that Title VII preempts only federal employees' remedies for race, color, religion, sex or national origin discrimination, not their claims under state laws prohibiting discrimination on other bases. The Court acknowledges that the Mandate is

5

somewhat contradictory[2] but otherwise rejects Plaintiff's argument. The law is clear that Title VII is the only avenue by which a federal employee may redress workplace discrimination. See, e.g., Rivera v. Heyman, 157 F.3d 101, 105 (2d Cir. 1998); Annis v. Cnty. of Westchester, 36 F.3d 251, 255 n.4 (2d Cir. 1994). Relatedly, there is no suggestion that Congress has waived the Postal Service's sovereign immunity by consenting to suits under state laws prohibiting sexual orientation discrimination. See Dolan v. U.S. Postal Serv., 546 U.S. 481, 484, 126 S. Ct. 1252, 1256, 163 L. Ed. 2d 1079 (2006) (noting that the Postal Service enjoys sovereign immunity; Brown, 425 U.S. at 826 (discussing Title VII claims against federal government in context of sovereign immunity); see also McGuire v. Potter, No. 06-CV-1745, 2006 WL 2883234, at *2 (D.N.J. Oct. 6, 2006) (rejecting plaintiff's claim against the Postal Service for sexual orientation under New Jersey state statute).

II. Plaintiff's Title VII Claims

Having dismissed Plaintiff's state law claims, the Court now turns to his Title VII claims. At the outset, Plaintiff's Title VII claims against Defendants Louie and Lim

---

[2] The Mandate explained that "federal employees are restricted to challenges under Title VII when complaining about employment discrimination" (Mandate at 3), but went on to say, in a footnote, that Plaintiff "might" have a pendant state law claim for sexual orientation discrimination under the NYSHRL. (Id. at 4 n.1.)

are dismissed because the proper defendant in Title VII actions against a federal agency is that agency's head. 42 U.S.C. § 2000e-16.

Turning to the substance of their motion, Defendants argue (1) that Plaintiff failed to exhaust his administrative remedies, and (2) for the first time in their reply, that Plaintiff's claims are time-barred. Neither argument persuades the Court that Plaintiff's Title VII claims should be dismissed at this stage. As the Second Circuit explained in its Mandate, Plaintiff is "not required to demonstrate at the pleading stage that his claims were administratively exhausted." (Mandate at 4.) To the extent Defendants maintain that Plaintiff was required to file a formal EEO complaint before filing this lawsuit, Plaintiff admits he never filed a formal complaint but claims that he was pressured into withdrawing his complaints by the EEO counselor. See supra at 3-4. In certain circumstances, a plaintiff's failure to timely exhaust his administrative remedies will be excused, and the Court thinks limited discovery will be helpful in deciding this issue. See Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393, 102 S. Ct. 1127, 1132, 71 L. Ed. 2d 234 (1982) ("We hold that filing a timely charge of discrimination with the EEOC is . . . a requirement that, like a statute of limitations, is subject to waiver, estoppel, and

equitable tolling."); Johnson v. Al Tech Specialties Steel Corp., 731 F.2d 143, 146 (2d Cir. 1984).

Defendants also argue that Plaintiff's Title VII claims are time-barred because Plaintiff did not start this action until more than six months after he withdrew his latest request for counseling. (See Def. Reply 8.) The Court will generally not consider arguments raised for the first time in reply. E.g., United States v. Hatfield, __ F. Supp. 2d __, 2011 WL 2446430, at *20 (E.D.N.Y. June 14, 2011). In any event, whether or not Plaintiff acted diligently to preserve his claim bears on whether he is entitled to equitable tolling. Cf. Zerilli-Edelglass v. New York City Transit Auth., 333 F.3d 74, 80 (2d Cir. 2003). The Court thinks limited discovery is also appropriate on this issue.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Plaintiff's Second Amended Complaint is GRANTED IN PART AND DENIED IN PART. Plaintiff's Human Rights Law claims are dismissed, as are his Title VII claims against Defendants Louie and Lim. His Title VII claims against Defendant Potter, as Postmaster General of the United States, may proceed in accordance with the following guidance. Subject to any further direction from Magistrate Judge Arlene R. Lindsay, Plaintiff and the Postal Service shall engage in limited discovery on the

8

issues of (1) whether Plaintiff's failure to follow through with the EEO procedure precludes his claims, and (2) whether Plaintiff's claims are time-barred.  The parties shall inform the Court when that discovery is complete, and, at that time, the Court will entertain a request from Defendant Potter for leave to move for summary judgment on either or both of these two issues.

                                                SO ORDERED.

                                            /s/ JOANNA SEYBERT_____

                                            Joanna Seybert, U.S.D.J.

Dated: September __14__, 2011
       Central Islip, New York