```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x
JOHN DIPETTO,

                       Plaintiff,

         -against-                          MEMORANDUM & ORDER
                                            08-CV-4927(JS)(ARL)
PATRICK R. DONAHOE, Postmaster
General, United States Postal
Service[1],

                       Defendant.
----------------------------------------x
APPEARANCES
For Plaintiff:        John DiPetto, pro se
                      11 Hickory Lane
                      Roslyn Heights, NY 11577

For Defendant:        Robert W. Schumacher, II, Esq.
                      U.S. Attorney's Office/EDNY
                      610 Federal Plaza
                      Central Islip, NY 11722
```

Currently pending before the Court is a motion for summary judgment brought by defendant Patrick R. Donahoe, Postmaster General, United States Postal Service ("Defendant"). For the following reasons, Defendant's motion is GRANTED.

## BACKGROUND[2]

The Court presumes familiarity with the facts and procedural background of this case, which are detailed in the

---

[1] The Clerk of the Court is directed to update the docket to reflect Patrick R. Donahoe as the Postmaster General, in place of John E. Potter.

[2] The following material facts are drawn from the parties' Local Civil Rule 56.1 Statements ("56.1 Stmt.") and their evidence in support.

Court's various Orders, including the January 7, 2013 Order denying pro se plaintiff John DiPetto's ("Plaintiff") motion for reconsideration.

Briefly, Plaintiff is a mail handler for the United States Postal Service ("USPS"). Plaintiff alleges that he was discriminated against on the basis of his race, color, national origin, and sexual orientation. On December 15, 2004, Plaintiff requested EEO counseling, and submitted a pre-complaint counseling form. (Def.'s 56.1 Stmt., Docket Entry 56, ¶ 1; see also Friedman Decl., Docket Entry 55, ¶ 5 & Ex. A.) Plaintiff never filed a formal complaint in connection with that matter and withdrew his request for counseling on January 26, 2005. (Def.'s 56.1 Stmt. ¶ 2; see also Friedman Decl. ¶ 6 & Ex. B.)

On October 6, 2006, Plaintiff again requested EEO counseling. (Def.'s 56.1 Stmt. ¶ 3; see also Friedman Decl. ¶ 7 & Ex. C.) Again he did not file a formal complaint and withdrew his request on October 30, 2006. (Def.'s 56.1 Stmt. ¶ 4; see also Friedman Decl. ¶ 8 & Ex. D.)

Finally, on March 4, 2008, Plaintiff filed a third request for EEO counseling. (Def.'s 56.1 Stmt. ¶ 5; see also Friedman Decl. ¶ 9 & Ex. E.) On May 21, 2008, after participating in mediation, Plaintiff withdrew his request for EEO counseling. (Def.'s 56.1 Stmt. ¶ 7; see also Friedman Decl. ¶ 10 & Ex. F.) His written and signed withdrawal states:

> I fully understand that by withdrawing the complaint or allegation(s) I have withdrawn, I am waiving my rights to any further appeal of the allegation(s) through the EEO process. I further stipulate that my withdrawal did not result from threat, coercion, intimidation, promise, or inducement.

(Def.'s 56.1 Stmt. ¶ 8; see also Friedman Decl. Ex. F.)

Plaintiff then commenced this action on December 8, 2008. On January 6, 2011, Defendant moved to dismiss Plaintiff's Second Amended Complaint. (See Docket Entry 28.) In opposition to that motion, and specifically in opposition to Defendant's assertions that Plaintiff's claims are time-barred and that he failed to exhaust his administrative remedies, Plaintiff argued that he was coerced into withdrawing his prior EEO informal complaints. (See Docket Entry 35.) Following that motion, Plaintiff's only remaining claims are against Defendant pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII") for alleged discrimination, retaliation, and a hostile work environment. The Court permitted limited discovery on: (1) whether Plaintiff's failure to follow through with the EEO procedure precludes his claim, and (2) whether Plaintiff's claims are time-barred. (See Sept. 14, 2011 Memorandum & Order, Docket Entry 39.)

## DISCUSSION

Defendant now seeks summary judgment, asserting that Plaintiff did not engage in any discovery on the relevant matters

3

and that Plaintiff's claims fail because he did not exhaust his administrative remedies and his claims are time-barred. The Court will first address the applicable legal standard before turning to the merits of Defendant's motion.

I. Summary Judgment Standard

Summary judgment is only appropriate where the moving party can demonstrate that there is "no genuine dispute as to any material fact" and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). In considering this question, the Court considers "the pleadings, depositions, answers to interrogatories and admissions on file, together with any other firsthand information including but not limited to affidavits." Nnebe v. Daus, 644 F.3d 147, 156 (2d Cir. 2011) (internal citation omitted); see also FED. R. CIV. P. 56(c). "In assessing the record to determine whether there is a genuine issue to be tried . . . the court is required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." McLee v. Chrysler Corp., 109 F.3d 130, 134 (2d Cir. 1997). The burden of proving that there is no genuine issue of material fact rests with the moving party. Gallo v. Prudential Residential Servs., L.P., 22 F.3d 1219, 1223 (2d Cir. 1994) (citing Heyman v. Com. & Indus. Ins. Co., 524 F.2d 1317, 1320 (2d Cir. 1975)). Once that burden is met, the non-moving party must "come forward with

specific facts," LaBounty v. Coughlin, 137 F.3d 68, 73 (2d Cir. 1998), to demonstrate that "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," Anderson v. Liberty Lobby, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202, 218 (1986). "Mere conclusory allegations or denials will not suffice." Williams v. Smith, 781 F.2d 319, 323 (2d Cir. 1986). And "unsupported allegations do not create a material issue of fact." Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000), superseded by statute on other grounds as stated in Ochei v. Coler/Goldwater Mem'l Hosp., 450 F. Supp. 2d 275, 282 (S.D.N.Y. 2006).

II. Analysis

   A. Failure to Exhaust Administrative Remedies

Defendant first asserts that Plaintiff's claims fail because Plaintiff did not exhaust his administrative remedies. The Court agrees.

Title VII requires that a plaintiff exhaust his administrative remedies before filing a civil action. Butts v. N.Y.C. Dep't of Hous. Preservation & Dev., 990 F.2d 1397, 1401-02 (2d Cir. 1993), superseded by statute on other grounds, Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1071. A district court may only hear claims that were included in the administrative charge or which are "reasonably related" to the allegations in the charge. Id. at 1401.

Here, it is undisputed that Plaintiff voluntarily withdrew his EEO informal complaints raised in 2004 and 2006. Withdrawal of an administrative complaint "constitutes a failure to exhaust administrative remedies." Baber v. Runyon, No. 97-CV-4798, 1998 WL 912065, at *5 (S.D.N.Y. Dec. 30, 1998) (collecting cases); see also Lucenti v. Potter, 432 F. Supp. 2d 347, 357 (S.D.N.Y. 2006) ("'[T]he withdrawal of an EEO complaint must be considered as a waiver of any underlying discrimination claims.'" (quoting Littlejohn v. Henderson, No. 01-CV-2772, 2003 WL 21738608, at *3 (E.D.N.Y. June 19, 2003)). Plaintiff's only assertion is that his withdrawal of the 2008 EEO informal complaint was not voluntary because he was coerced. Specifically, Plaintiff maintains that he executed a withdrawal because the EEO mediator Ronnie Berlin informed him that the issues Plaintiff raised were union matters, not EEO matters. (See Pl.'s 56.1 Stmt., Docket Entry 61, ¶ 1.)

As previously stated, the Court granted discovery on this matter in its September 14, 2011 Memorandum and Order. (See Docket Entry 39.) In the nearly three years since then, Plaintiff has come forward with absolutely no evidence to support his assertion. Coercion could theoretically demonstrate that the withdrawal was not knowing and voluntary. See Baber, 1998 WL 912065, at *6. Here, however, Plaintiff has failed to support his self-serving allegation with any admissible evidence. See

6

Spiegel v. Schulmann, 604 F.3d 72, 81 (2d Cir. 2010) (noting that the Court may rely only on admissible evidence).  In fact, most of Plaintiff's evidence and documentation attached to his 56.1 Statement relates to events well after the events at issue here, which could not have been the basis of Plaintiff's complaints in 2008 and prior and which were not before the EEO at the time. See Lucenti, 432 F. Supp. 2d at 358 (finding that the plaintiff failed to exhaust her administrative remedies as it pertained to issues post-dating her EEO complaint).

Moreover, the Court notes that Plaintiff filed at least two EEO informal complaints prior to the one filed in 2008. Plaintiff is no stranger to the EEO process and, in fact, he alleges, in part, that he was discriminated against given his long history of making complaints. (See, e.g., Second Am. Compl. ¶ 56.)

Accordingly, the Court finds that Plaintiff has failed to exhaust his administrative remedies and, as such, Defendant's motion is GRANTED.

B. Time-Barred

Finally, the Court notes that even if Plaintiff's claims were exhausted, which they are not, Plaintiff's claims would otherwise fail because they are time-barred.

Employment discrimination claims under Title VII are considered timely if Plaintiff: (1) timely filed an

administrative charge; (2) received a right-to-sue letter; and (3) commenced suit within ninety days of receiving the right-to-sue letter.  See 42 U.S.C. § 2000e-5(e), (f); 29 U.S.C. § 626(d). In this case, even if the Court considered the withdrawal the last administrative action, the withdrawal took place on May 21, 2008.  Plaintiff did not commence this case until December 8, 2008, more than ninety days later.

The ninety-day requirement is subject to equitable tolling.  See Johnson v. Al Tech Specialties Steel Corp., 731 F.2d 143, 146 (2d Cir. 1984); see also Toner v. Suffolk Cnty. Water Auth., 220 F.R.D. 20, 21 (E.D.N.Y. 2004) (holding that the ninety-day limitation is stringently enforced).  Such equitable tolling is available, however, only in "rare and exceptional circumstances, in which a party is prevented in some extraordinary way from exercising his rights." Zerilli-Edelglass v. N.Y. City Transit Auth., 333 F.3d 74, 80-81 (2d Cir. 2003) (internal quotation marks and citations omitted).  Misinformation by an EEO counselor, as alleged by Plaintiff, is insufficient to warrant equitable tolling.  See Shearard v. Geithner, No. 09-CV-0963(JS)(ETB), 2010 WL 2243414, at *3 (E.D.N.Y. May 30, 2010); see also Miller v. Potter, No. 07-CV-1767, 2007 WL 4615611, at *4 (E.D.N.Y. Nov. 29, 2007) (misinformation from a union representative did not warrant equitable tolling because such

statements did not reflect on whether the employer actively misled the plaintiff).

Thus, Defendant's motion is also GRANTED because Plaintiff's claims are time-barred.

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is GRANTED.

The Clerk of the Court is directed: (1) to substitute Patrick R. Donahoe in place of John E. Potter as Defendant, (2) enter judgment and mark this matter as CLOSED, and (3) mail a copy of this Memorandum and Order to pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Date: June 16, 2014
      Central Islip, New York